252 S.W.3d 317 (2008)
In the Interest of D.N.C., A Child.
In the Interest of T.L.J. and T.B.J., Children.
In the Interest of T.J.C. and T.D.C., Children.
In the Interest of E.D.C., A Child.
In the Interest of J.D.M., A Child.
Nos. 07-0621, 07-0622, 07-0623, 07-0624, 07-0625.
Supreme Court of Texas.
February 8, 2008.
*318 Michael A. Stafford, Harris County Atty., Sandra D. Hachem, Harris County Sr. Asst. Atty., Angela Moritz Craven, and Lisa S. Rice, Harris County Atty's Office, Houston, for Department of Family & Protective Services in Nos. 07-0621, 07-0624, and 07-0625.
Michael A. Stafford, Harris County Atty., Sandra D. Hachem, Harris County Sr. Asst. Atty., Lisa S. Rice and Angela Moritz Craven, Harris County Atty's Office, Houston, for Department of Family & Protective Services in Nos. 07-0622 and 07-0623.
William B. Connolly, William Leslie Shireman, William B. Connolly & Associates, Houston, Reo Harris Jr., Spring, for Ericka Colbert.
Glenn H. Devlin, Devlin & Phillips, Houston, Attorney Ad Litem.
Marlos B. Ferguson, Beaumont, pro se in No. 07-0621.
Trenton Jackson Sr., Beeville, pro se in No. 07-0622, 07-0603, and 07-0604.
George T. Clevenger, Houston, for James Allen in No. 07-0624.
Thomas D. Montgomery, Houston, for Unknown Father in No. 07-0624.
Jesse Davis Mosley, Sr., Midway, pro se.
Kathryn Marie Diaz, Harris County Domestic Relations Office, Houston, for Office of Attorney General.
PER CURIAM.
In these five cases, the Department of Family and Protective Services sought termination of Ericka Shanette Colbert's parental rights to her seven children, T.J.C., T.D.C., D.N.C., T.L.J., T.B.J., E.D.C., and J.D.M. The trial court found that Colbert had endangered her children and terminated Colbert's parental rights under section 161.001(1)(D) of the Family Code. Making no additional findings, the trial court appointed the Department of Family and Protective Services as the children's managing conservator.
On appeal, Colbert challenged the sufficiency of the evidence to support the termination order, but she did not separately challenge appointment of the Department as the children's managing conservator. The court of appeals reversed the termination order on factual insufficiency grounds, and also reversed the trial court's conservatorship appointment. 227 S.W.3d 799, 816. The court reasoned that no findings had been made under Family Code section 153.131[1] that would independently support the conservatorship order, and thus the Department's appointment was solely the consequence of the trial court's termination decision under Family Code section 161.207[2] and had to be reversed as well. Id.
*319 The Department here contends reversal of the conservatorship order was erroneous under our recent decision in In the Interest of J.A.J., 243 S.W.3d 611 (Tex. 2007). In J.A.J., however, the Department requested conservatorship pursuant to Family Code section 153.131 and the trial court made the specific findings that the statute requires: that appointment of a parent as J.A.J.'s managing conservator would not be in his best interest because it would significantly impair his physical health or emotional development, and that appointment of the Department was in J.A.J.'s best interest. Id. at 613. In light of these findings, we emphasized that the differing elements and standards of review applied to conservatorship and termination orders required separate challenges on appeal. Id. at 617. In this case, by comparison, the only available statutory mechanism for the Department's appointment was as a consequence of the termination pursuant to section 161.207. See TEX. FAM. CODE § 161.207. Accordingly, J.A.J. does not apply, and Colbert's challenge to the conservatorship appointment was subsumed in her appeal of the parental-rights termination order.
The Department's petitions for review are denied.
NOTES
[1] Section 153.131 creates a presumption of managing conservatorship in favor of a parent or parents unless the court finds that such appointment "would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development." TEX. FAM. CODE § 153.131(a). A finding of a history of family violence involving a child's parents removes the presumption that appointment of the child's parents is in the child's best interest. Id. § 153.131(b).
[2] Section 161.207, entitled "Appointment of Managing Conservator on Termination," provides that the court shall appoint a suitable managing conservator "[i]f the court terminates the parent-child relationship with respect to both parents or to the only living parent." TEX. FAM. CODE § 161.207(a).