

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00013-CV

**IN THE INTEREST OF A.J.L.**, A.R.L., A.A.R., and B.N.G., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02031
Honorable Richard Garcia, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: September 24, 2014

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

The Department of Family and Protective Services ("the Department") filed its petition to terminate the parental rights of the mother and the fathers of the four subject children. This is an appeal by the mother, Ernestina, and one of the fathers, Abel, from the trial court's judgment terminating their parental rights. We affirm the judgment as to Abel. Because we conclude the evidence is legally insufficient to support the trial court's best interest finding as to Mother, we reverse the portion of the judgment terminating Mother's parental rights and render judgment denying the Department's petition for termination of Mother's parental rights.[1]

---

[1] The alleged father of B.N.G. did not appeal the judgment terminating his parental rights; the trial court did not terminate the parental rights of A.A.R.'s father, Jason, and he was named sole managing conservator of A.A.R.

BACKGROUND

Besides Abel, the only witness to testify at the January 2, 2014 bench trial was Department caseworker Holly Ann Jones. Jones testified that the Department became involved with the family in September of 2012 when Mother tested positive for marijuana at the birth of her youngest child. In August of 2013, Mother was arrested for a violation of her probation and incarcerated. There was no evidence that Mother was confined due to commission of a new offense; according to Jones, Mother was arrested because "she wasn't paying her probation." Jones stated that Mother had not completed her service plan, but had engaged in services until she was incarcerated. Regarding her engagement in services, Jones stated that Mother was unable to complete family therapy or individual therapy due to her incarceration. Before she was incarcerated, Mother was employed, drug-free, had stable housing with her sister, and maintained regular contact with the children. Jones confirmed that prior to her incarceration, Mother completed or engaged in all of the services that the Department asked her to, and that the Department was hoping to reunify the older children with their mother. Jones stated that Mother was scheduled to be released from confinement on April 20, 2014—four months after the time of trial. Jones did not think it was in the children's best interest to wait until Mother was released from incarceration before continuing with the termination proceeding. That being said, however, Jones admitted that the Department currently had no definitive placement plans for A.J.L. and A.R.L.[2]

FATHER'S APPEAL

Abel is the alleged father of two of the children, A.J.L. and A.R.L. The trial court terminated Abel's parental rights because he failed to timely file an admission of paternity or a

---

[2] A.A.R.'s father was appointed his sole managing conservator. According to the Department, A.A.R.'s father also planned to adopt the youngest child, B.N.G. Thus, the evidence at trial was focused on the placement and best interest of A.J.L. and A.R.L.

counterclaim for paternity or for voluntary paternity under Family Code Chapter 160 before the final hearing. *See* TEX. FAM. CODE ANN. § 161.002(b)(1) (West 2104). Alternatively, the trial court found that Abel: constructively abandoned the children who had been in the managing conservatorship of the Department; failed to comply with the court-ordered service plan; and knowingly engaged in criminal conduct that resulted in his conviction of an offense and imprisonment and inability to care for his children for not less than two years from the date of the filing of the petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (Q) (West 2014). The court also found termination to be in the children's best interest. *Id*. § 161.001(2) (West 2014).

Abel's court-appointed attorney filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes that the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04–03–00096–CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* procedure in appeal from termination of parental rights), *disp. on merits,* 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.). Counsel provided Abel with a copy of the brief. Abel was informed of his right to review the record and advised of his right to file a pro se brief. Abel has not filed a brief. After reviewing the record and counsel's brief, we agree that Abel's appeal is frivolous and without merit.

## MOTHER'S APPEAL

The trial court terminated Mother's parental rights on the grounds that she constructively abandoned the children who had been in the managing conservatorship of the Department for not less than six months and that she failed to comply with the court-ordered service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O). The trial court also found that termination was in the children's best interest. On appeal, Mother asserts that she was denied due process when her

parental rights were terminated while she was incarcerated, despite a properly tendered notice of "not ready" by trial counsel. Mother also challenges the sufficiency of the evidence in support of the statutory termination findings and the best interest finding. Because we conclude there is insufficient evidence to support the trial court's best interest finding as to Mother, we address only that issue on appeal.

### *Standard of Review*

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1) and (2) that termination is in the best interest of the child. *Id*. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). "It is because termination of parental rights is such a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by a heightened burden of proof of 'clear and convincing evidence.'" *In re D.T.*, 34 S.W.3d 625, 630 (Tex. App.—Fort Worth 2000, pet. denied) (quoting *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980)). We are duty bound to strictly scrutinize termination proceedings and must strictly construe involuntary termination statutes in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20-21 (Tex. 1985); *In re D.T.*, 34 S.W.3d at 630.

The higher burden of proof in termination cases alters the usual appellate standards of legal and factual sufficiency review in order to protect the parent's constitutional interests. *In re J.F.C.*, 96 S.W.3d at 265; *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence

in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In a factual sufficiency review, a court of appeals must give due consideration to the evidence the factfinder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d at 25. We must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *Id.* The applicable inquiry is whether, based on the entire record, a factfinder could reasonably form a firm belief or conviction that the parent violated one or more of the conduct provisions of section 161.001(1) and that termination of the parent's parental rights would be in the best interest of the child. *Id.* at 28.

### *Best Interest of the Children*

We review the entire record to determine the child's best interest. *In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013). The same evidence may be probative of both the subsection (1) ground and best interest. *Id.* at 249; *In re C.H.*, 89 S.W.3d at 28. Nonexclusive factors that the trier of fact in a termination case may also use in determining the best interest of the child include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent

which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (citations omitted); *see In re E.C.R.*, 402 S.W.3d at 249 (stating that in reviewing a best interest finding, "we consider, among other evidence, the *Holley* factors"). These factors are not exhaustive; some listed factors may be inapplicable to some cases. *In re C.H.*, 89 S.W.3d at 27. Furthermore, undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child. *Id.* On the other hand, the presence of meager evidence relevant to each factor will not support such a finding. *Id.* There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. TEX. FAM. CODE ANN. § 263.307(a) (West 2014).

### A. Desire of the Children, and the Emotional and Physical Needs of the Children Now and In the Future

Although A.J.L. and A.R.L. were both seven years old at the time of trial, no evidence was introduced regarding their desires. Jones testified that A.J.L. and A.R.L. currently take psychotropic medications and have behavior issues that make them difficult to parent and to place.

### B. The Emotional and Physical Danger to the Children Now and In the Future

The record before us lacks any evidence of emotional or physical danger to the children now or in the future due to Mother's acts or omissions.

### C. Parental Abilities of the Individuals Seeking Custody, Programs Available to Assist These Individuals to Promote the Best Interest of the Children, Plans for the Child by the Individuals Seeking Custody, and Stability of the Home or Proposed Placement

Jones testified that A.J.L. and A.R.L. are currently in foster placement, but that it is not a permanent solution. The Department was in the process of conducting home studies to find a

relative placement for the older boys. Thus, the record before us is devoid of evidence regarding the parental abilities of the individuals seeking custody, programs available to assist these individuals, plans for the children by the individuals seeking custody, or the stability of the home or proposed placement.

**D. Acts or Omissions of the Parent That May Indicate the Existing Parent-Child Relationship is Not a Proper One, and Any Excuse for the Acts or Omissions of the Parent**

Jones was concerned about Mother's bond with the older children, A.J.L. and A.R.L., stating that the boys seemed "detached" during their visits with her. Mother was scheduled to begin family therapy in August 2013, but was unable to do so due to her incarceration that same month. Other than this conclusory testimony by Jones, no other evidence was offered on whether Mother's relationship with A.J.L. and A.R.L., or her other children, for that matter, was inappropriate. *See In re A.H.*, 414 S.W.3d 802, 807 (Tex. App.—San Antonio 2013, no pet.) ("conclusory testimony, such as the caseworker's, even if uncontradicted does not amount to more than a scintilla of evidence"); *Williams v. Williams*, 150 S.W.3d 436, 450 (Tex. App.—Austin 2004, pet. denied) (caseworker's unsupported testimony, which constituted sole evidence at trial, did not support termination).

**E. One or More Statutory Grounds for Termination as Evidence Illustrating that Termination is in the Child's Best Interest**

The same evidence may be probative of both section 161.001(1) grounds and best interest, although such evidence does not relieve the State of its burden to prove best interest. *See In re C.H.*, 89 S.W.3d at 28. Mother's parental rights were terminated on the grounds that she constructively abandoned the children and failed to comply with all the requirements of her family service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O). Imprisonment, standing alone, does not constitute "abandonment" of a child for purposes of termination of parental rights. *In re*

*D.T.*, 34 S.W.3d at 633-34; *see also Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987) (holding imprisonment alone is not conduct "endangering a child"); *In re B.T.*, 954 S.W.2d 44, 49 (Tex. App.—San Antonio 1997, pet. denied) (parent's imprisonment may be a factor in abandonment cases, but is not conclusive). Further, the record reflects that Mother did comply with all the requirements of her family service plan up until the time she was incarcerated. Jones did not state whether services were available to Mother while she was incarcerated. Jones had not had any contact with Mother during the approximately five months that she had been incarcerated prior to trial, but did note that she had been informed that Mother was trying to reach her.

## CONCLUSION

After reviewing all of the evidence in the record, we conclude the State failed to meet its burden to establish by clear and convincing evidence that termination of Mother's parental rights is in the best interest of the children. The record is replete with evidence that up until the time Mother was incarcerated for a violation of her probation, she was in compliance with her service plan, employed, drug-free, and maintained contact with the children. Jones acknowledged that up until the time Mother was incarcerated, the Department's plan was to place or to reunify the older children with Mother and to have the younger children stay with A.A.R.'s father. There was no evidence at trial regarding any emotional or physical danger to the children, or that the parent-child relationship was improper. Accordingly, it appears that the Department abandoned its reunification goal because Mother was incarcerated, and that the Department recommended termination solely because the deadline for the court to either render a final order of termination or to dismiss the suit was approaching. *See* TEX. FAM. CODE ANN. § 263.401(a) (West 2014). We thus reverse the portion of the trial court's judgment terminating Mother's parental rights to all four children and render judgment denying the Department's petition for termination of Mother's

parental rights to all four children. Because Mother's challenge to the Department's Family Code section 153.131 conservatorship was not subsumed within her appeal of the termination order and was not challenged on appeal, we affirm the trial court's appointment of the Department as the sole managing conservator of A.J.L., A.R.L., and B.N.G. pursuant to section 153.131.[3] TEX. FAM. CODE ANN. § 153.131 (West 2014); *see In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007); *In re R.S.D.*, No. 04-13-00665-CV, 2014 WL 4335354, at *4 (Tex. App.—San Antonio Sept. 3, 2014, no pet. h.). We likewise affirm the appointment of the father, Jason, as the sole managing conservator of A.A.R. The judgment of the trial court is affirmed as to Abel and we grant Abel's counsel's motion to withdraw. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Rebeca C. Martinez, Justice

---

[3] When the Department is appointed as managing conservator solely as a consequence of the trial court's termination order, a parent's challenge to the Department's conservatorship appointment is automatically subsumed within the parent's appeal of the termination order, and a separate issue on appeal challenging the Department's conservatorship is not required. *See* TEX. FAM. CODE ANN. § 161.207(a) (West 2014) (requiring trial court to appoint managing conservator when it terminates parental rights); *In re D.N.C.*, 252 S.W.3d 317, 319 (Tex. 2008) (per curiam) (holding parent's challenge to Department's conservatorship appointment was subsumed in appeal of parental-rights termination order when Department was appointed conservator solely based on section 161.207 as a result of termination order). However, when, as here, a trial court's termination order appoints the Department as managing conservator pursuant to Family Code section 153.131, and the trial court has made the specific findings that section 153.131 requires—that appointment of the parent or parents as managing conservator(s) would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development—then a parent appealing the termination order must specifically challenge the trial court's section 153.131 findings and the appointment of the Department as conservator. *See* TEX. FAM. CODE ANN. § 153.131 (authorizing appointment of Department as nonparent managing conservator if the trial court makes certain findings); *In re J.A.J.*, 243 S.W.3d 611, 615-17 (Tex. 2007) (holding parent must raise appellate issue specifically challenging trial court's section 153.131 findings or challenging appointment of Department as conservator under section 153.131 because such a challenge is not subsumed within the parent's challenge to the termination order).