COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN THE INTEREST OF

B.M.S. AND P.L.S., CHILDREN.

§

§

§

§

§

§

No. 08-19-00054-CV

Appeal from

143rd District Court

of Ward County, Texas

(TC # 15-05-23594-CVW)

## **O P I N I O N**

N.C.S. appeals from the judgment terminating his parental rights to B.M.S. and P.L.S. We affirm.

### **FACTUAL SUMMARY**

N.C.S. ("Nick") and A.E.M. ("Ava") are the biological parents of sixteen-year-old B.M.S. and thirteen-year-old P.L.S.[1]  Nick and Ava were never married, and they separated ten to twelve years before the final hearing on December 31, 2018.  The children were living with Ava and her boyfriend in October 2017 when the Department removed them from the home based on allegations of drug use, domestic violence, and neglect.  The Department filed a petition seeking to terminate the parental rights of both Nick and Ava.  Following an emergency hearing, the trial court appointed the Department as the temporary managing conservator of the

---

[1]  To protect the identity of the children, the opinion will refer to N.C.S. by the fictitious name "Nick", to A.E.M. by the fictitious name "Ava", and to the children by their initials.  *See* TEX.R.APP.P. 9.8.  Ava has not appealed the order terminating her parental rights to the children.

children and they were placed in a foster home. Nick could not be located, but he was eventually served on February 1, 2018 while incarcerated. Nick testified about his knowledge of Ava's drug use. At the first portion of the *de novo* hearing, Nick initially testified he did not know whether Ava was using drugs in the children's presence, but stated, "I know what kind of person she is." When pressed, Nick testified he did not have any doubt she was using drugs in front of the children. At the second portion of the *de novo* hearing, Nick maintained that he did not know about the domestic violence in the home or the specific drugs Ava and her boyfriend were using. He knew Ava abused drugs, and while she did not use drugs in front of him, he had information which led him to believe that Ava was using drugs around the children. He also believed that Ava's drug use harmed the children emotionally. Despite this knowledge, Nick did not take any action to obtain custody of the children.

Nick had his own issues with drug abuse. When asked if drugs had been a problem in his life, he replied, "I've loved smoking weed my whole life." He smoked marijuana daily and admitted that other drugs have been a problem for him. In the past, he had used methamphetamine weekly. At the hearing on November 29, 2018, Nick denied using drugs or alcohol that day, but said he had used drugs a week earlier. The trial court ordered Nick to submit to a drug test, but Nick failed to comply. Nick admitted at the hearing on December 31, 2018 that he would not be able to pass a drug test if one was administered to him that day. He had last used methamphetamine one month before the hearing, but he had smoked marihuana the previous day. Nick also had a criminal history related to his use of drugs. Nick was placed on probation for possession of marihuana in 2017, but his probation was revoked and he served sixty days in jail. He was incarcerated on that charge when the Department filed the termination petition. Shortly after his release, Nick was arrested for driving with an invalid license. He had

- 2 -

not had a valid driver's license since 2012 or 2013. Nick also has a conviction for possession "under a gram" and he served fifteen months for that offense.[2]

Nick is unemployed and is unable to provide even the basic necessities for the children. He has not had a home or apartment of his own since 2012 or 2013. At the time of the first hearing, Nick had been working for World Technical Services for about six weeks and was making $10 per hour. He was living with "the kids' uncle". By the time of the second hearing a month later, Nick had lost the job. He did not know why he had been fired. Nick's brother-in-law had kicked him out of the house and Nick was living with a friend. Nick works "off and on" for a retired couple and makes $10 per hour.

The trial court found that the Department had proven by clear and convincing evidence that Nick had knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, pursuant to § 161.00l(b)(l)(D), Texas Family Code. The court also found by clear and convincing evidence that termination of Nick's parental rights was in the children's best interest, and it appointed the Department as the permanent managing conservator of the children.

## PREDICATE TERMINATION GROUND

In Issue One, Nick challenges the legal and factual sufficiency of the evidence supporting the trial court's finding under Section 161.001(b)(1)(D). *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(D). Parental rights may be involuntarily terminated through proceedings brought under Section 161.001 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 161.001. Under this provision, the petitioner must (1) establish one or more of the statutory acts or omissions enumerated as grounds for termination, and (2) prove that termination is in the best interest of the children. *See id*. Both elements must be established, and termination may not be

---

[2] The record does not show the exact substance Nick possessed.

based solely on the best interest of the child as determined by the trier of fact. *Texas Department of Human Services v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In the Interest of A.B.B.*, 482 S.W.3d 135, 138 (Tex.App.--El Paso 2015, pet. dism'd w.o.j.). Only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). However, when a parent's rights have been terminated based on multiple grounds, including subsections D or E, we must address any sufficiency challenges directed at subsections D and/or E, even if the evidence is sufficient to support termination on other predicate grounds. *In re Z.M.M.,* No. 18-0734, --- S.W.3d ---, 2019 WL 2147266, at *2 (Tex. May 17, 2019) (per curiam); *see In re N.G.*, No. 18-0508, --- S.W.3d ---, 2019 WL 2147263 at *3 (Tex. May 17, 2019)(holding that due process and due course of law require an appellate court to review and detail its analysis as to termination of parental rights under subsections D or E). We will affirm the termination order if the evidence is both legally and factually sufficient to support any alleged statutory ground the trial court relied upon in terminating the parental rights as well as the finding of best interest. *J.S. v. Texas Department of Family and Protective Services*, 511 S.W.3d 145, 159 (Tex.App.--El Paso 2014, no pet.).

*Standards of Review*

When reviewing the legal sufficiency of the evidence in a termination case, we consider all of the evidence in the light most favorable to the trial court's finding, "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005), *quoting In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002); *see In re J.O.A.,* 283 S.W.3d 336, 344 (Tex. 2009). We give deference to the fact finder's conclusions, indulge every reasonable inference from the evidence in favor of that

finding, and presume the fact finder resolved any disputed facts in favor of its findings, so long as a reasonable fact finder could do so. *In the Interest of J.P.B.*, 180 S.W.3d at 573. We disregard any evidence that a reasonable fact finder could have disbelieved, or found to have been incredible, but we do not disregard undisputed facts. *In re J.P.B.*, 180 S.W.3d at 573; *In re J.F.C.*, 96 S.W.3d at 266.

In a factual sufficiency review, the inquiry is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the challenge findings. *See In re J.F.C.*, 96 S.W.3d at 266. We must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d at 266. A court of appeals should consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *Id.* If the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

### *Section 161.001(b)(1)(D) -- Endangering Environment*

A parent's rights may be terminated if there is clear and convincing evidence that the parent has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child. *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(D). Subsection D requires a showing that the environment in which the child is placed endangered the child's physical or emotional health. *Doyle v. Texas Department of Protective and Regulatory Services*, 16 S.W.3d 390, 394 (Tex.App.--El Paso 2000, pet. denied). In this context, the child's environment refers to the

suitability of the child's living conditions as well as the conduct of parents or others in the home. *In re S.R.*, 452 S.W.3d 351, 360 (Tex.App.--Houston [14th Dist.] 2014, pet. denied).

A child is endangered when the environment creates a potential for danger that the parent is aware of but disregards. *In re E.R.W.*, 528 S.W.3d 251, 264 (Tex.App.--Houston [14th Dist.] 2017, no pet.). The relevant time frame to determine whether there is clear and convincing evidence of endangerment is before the child was removed. *Ybarra v. Texas Department of Human Services*, 869 S.W.2d 574, 577 (Tex.App.--Corpus Christi 1993, no pet.). When seeking termination under subsection D, the Department must show that the child's living conditions pose a real threat of injury or harm. *In re N.R.*, 101 S.W.3d 771, 776 (Tex.App.--Texarkana 2003, no pet.); *Ybarra*, 869 S.W.2d at 577. Conduct that demonstrates awareness of an endangering environment is sufficient to show endangerment. *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex.App.--Houston [14th Dist.] 2005, no pet.). Evidence of illegal drug use and drug-related criminal activity by a parent supports the conclusion that the children's surroundings are endangering to their physical or emotional well-being. *See In re S.D.*, 980 S.W.2d 758, 763 (Tex.App.--San Antonio 1998, pet. denied).

Nick testified he did not know the specific drugs Ava and her boyfriend were using, and he was unaware of the domestic violence in the home, but he knew she was using drugs in front of the children. Nick understood that Ava's use of drugs created an environment which endangered the children's physical or emotional well-being. The evidence also showed that Nick had only sporadic contact with the children when he would drop by uninvited and he made no effort to protect the children by removing them from Ava's home. We conclude that the evidence, viewed in the light most favorable to the challenged endangerment finding, was sufficient for a reasonable fact finder to have formed a firm belief or conviction that Nick

knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being. *See In re M.D.M.*, --- S.W.3d ---, 2019 WL 2459058 at *13 (Tex.App.--Houston [1st Dist.] 2019, no pet. h.)(evidence was legally sufficient to support trial court's finding that father allowed children to stay in conditions that endangered children, where evidence showed that children were subjected to life of instability and uncertainty while they lived with mother, mother used drugs in children's presence, mother was violent towards children, father had sporadic contact with their children, and father provided minimal financial support for children); *In re M.C.*, 352 S.W.3d 563, 568 (Tex.App.--Dallas 2011, no pet.)(evidence sufficient to support termination under subsection D where father knew mother was violent, and was using and selling drugs, and father failed to act to protect child). Further, we conclude that a reasonable fact finder could have reconciled the disputed evidence in favor of the trial court's endangerment finding, and the trial court could have reasonably formed a firm conviction or belief that Nick knowingly allowed the children to remain in an endangering environment. *See In re M.R.J.M.*, 280 S.W.3d 494, 502-05 (Tex.App.--Fort Worth 2009, no pet.) (concluding evidence was factually sufficient to support termination of father's rights under subsection D when father allowed child to remain with mother despite knowledge of mother's past drug use). Accordingly, we hold that the evidence was legally and factually sufficient to support the subsection D endangerment finding. *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(D). Issue One is overruled.

## BEST INTEREST

In Issue Two, Nick argues that the evidence is legally and factually insufficient to support the best interest finding made under Section 161.001(b)(2) of the Family Code. A determination of best interest necessitates a focus on the child, not the parent. *See In the Interest of B.C.S.*, 479

S.W.3d 918, 927 (Tex.App.--El Paso 2015, no pet.); *In the Interest of R.F.*, 115 S.W.3d 804, 812 (Tex.App.--Dallas 2003, no pet.). There is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re B.C.S.*, 479 S.W.3d at 927. Several factors must be considered in our analysis of the best interest issue: the child's desires; the child's emotional and physical needs now and in the future; the emotional and physical danger to the child now and in the future; the parenting abilities of the individuals seeking custody; the programs available to assist those individuals to promote the child's best interest; the plans for the child by those individuals or the agency seeking custody; the stability of the home or proposed placement; the parent's acts or omissions that may indicate that the existing parent-child relationship is not a proper one; and any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976)("the *Holley* factors"). We also must bear in mind that permanence is of paramount importance in considering a child's present and future needs. *In re B.C.S.*, 479 S.W.3d at 927.

We begin by examining the legal sufficiency of the evidence supporting the best interest finding. The first factor is the desires of the children. The children want to be adopted by their foster family. This factor weighs in favor of the trial court's best interest finding.

The next two factors are the children's emotional and physical needs now and in the future, and the emotional and physical danger to the children now and in the future. Nick argues that the Department failed to present any specific evidence regarding the physical and emotional needs of the children. We disagree. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *In re R.A.G.*, 545 S.W.3d 645, 653 (Tex.App.--El Paso 2017, no pet.); *In re U.P.*, 105 S.W.3d 222, 230 (Tex.App.--Houston [14th Dist.] 2003, pet. denied). Due to his chronic use of drugs, occasional incarceration, and

unemployment, Nick has been unable to provide a stable and safe living situation for the children for several years. Further, he knowingly allowed the children to live with Ava in an environment which endangered their emotional and physical well-being. Nick continued to use marijuana and methamphetamine even though he knew the termination case was pending and he risked losing his parental rights. Finally, Nick's failure to visit the children during the pendency of this case supports a conclusion that Nick endangered the children's emotional well-being. *See In re U.P.*, 105 S.W.3d at 236. Based on the evidence, the trial court could have determined that the second and third factors weigh heavily in support of the best interest finding.

The fourth factor is the parenting abilities of the individuals seeking custody. Nick argues that there is no evidence in the record regarding his parenting abilities. In reviewing the parenting abilities of a parent, a fact finder can consider the parent's past neglect or past inability to meet the physical and emotional needs of the children. *D.O. v. Texas Department of Human Services*, 851 S.W.2d 351, 356 (Tex.App.--Austin 1993, no writ), *disapproved of on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002). The evidence supports an inference that Nick's chronic drug use and unemployment have rendered him unable to provide for the children's basic needs or to protect them from the endangering environment in Ava's home. Further, Nick failed to visit or maintain significant contact with the children during the pendency of the case. This factor weighs in favor of the best interest finding.

The fifth factor examines the programs available to assist those individuals to promote the child's best interest. The Department developed a service plan for Nick but he failed to complete any of the services, including a psychological evaluation, anger management and parenting classes, individual counseling, and random drug testing. This factor supports the best interest finding.

We will consider the sixth and seventh factors together. The sixth factor examines the plans for the child by those individuals or the agency seeking custody. The seventh factor is the stability of the home or proposed placement. The fact finder may compare the parent's and the Department's plans for the children and determine whether the plans and expectations of each party are realistic or weak and ill-defined. *D.O.*, 851 S.W.2d at 356. Nick had no plan for the children and admitted he could not provide a home or other basic necessities for the children. The Department recommended that the children remain with the foster family and be adopted. The sixth and seventh factors weigh in favor of the best interest finding.

The eighth factor is the parent's acts or omissions that may indicate that the existing parent-child relationship is not a proper one. Nick uses drugs daily and he knowingly allowed the children to remain with Ava even though he knew she was using drugs in the children's presence. Nick failed to protect the children from the endangering environment by attempting to remove them from Ava's home. Nick did not visit with the children at all during the pendency of the case. Based on this evidence, the trial court could have found that the existing parent-child relationship between Nick and the children is not a proper one. This factor supports the best interest finding.

Finally, the ninth factor is whether there is any excuse for the parent's acts or omissions. The evidence in the record does not present a basis for finding an excuse for Nick's acts or omissions.

After considering the evidence related to the *Holley* factors, the trial court could have reached a firm conviction that termination of Nick's parental rights is in the best interest of both children. Issue Two is overruled.

**CONSERVATORSHIP DETERMINATION**

In his third issue, Nick contends that the trial court erred by appointing the Department as the permanent managing conservator of the children. This issue challenging the appointment of the Department as permanent managing conservator is subsumed into the appeal of the overall termination order. *See In re D.N.C.*, 252 S.W.3d 317, 319 (Tex. 2008); *In re M.L.L.*, 573 S.W.3d 353, 367 (Tex.App.--El Paso 2019, no pet.). Section 161.207 of the Family Code provides: "If the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint a suitable, competent adult, the Department of Family and Protective Services, or a licensed child-placing agency as managing conservator of the child." TEX.FAM.CODE ANN. § 161.207(a). The trial court appointed the Department as the sole managing conservator of the children after termination the parental rights of Nick and Ava. Issue Three is overruled. Having overruled each issue, we affirm the *de novo* order terminating Nick's parental rights to the children.

August 7, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

- 11 -