COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN THE INTEREST OF:                 §

A.B.B. and P.L.B.,                §

MINOR CHILDREN.             §

§

§

No. 08-15-00123-CV

Appeal from

143rd District Court

of Reeves County, Texas

(TC # 14-05-20664-CVR)

## O P I N I O N

This is an appeal of a private termination order in which the children's mother sought to terminate the parental rights of the children's father. The trial court signed an order of termination and an order reflecting the children's adoption by their stepfather. In two issues, Father complains of ineffective assistance of counsel. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

In February 2014, Father was convicted of the first degree offenses of criminal attempted capital murder and criminal solicitation to commit capital murder in the 35th Judicial Court of Brown County Texas. He received concurrent life sentences. The intended victim was his former brother-in-law, although the target changed three times. His appeals are currently pending in the 11th Court of Appeals.

In May 2014, Mother filed suit to terminate Father's parental rights on the basis of Section 161.001(1)(Q) of the Texas Family Code. Father retained counsel to represent him. It is evident that Father's mother paid the attorney directly. Counsel filed an answer in June, 2014 and at one point filed a jury demand. This was later withdrawn primarily due to the expense of a jury trial. In July 2014, the trial court entered a memorandum providing that Father's attorney could request a bench warrant for his attendance at trial. No application for a bench warrant was filed. The record indicates these undisputed facts:

● Father wanted a jury trial.

● Father wanted to testify at the trial.

● Father wanted his children, particularly his daughter, to testify.

● Counsel cautioned Father that he had little chance of prevailing due to his life sentences.

● At the urging of Father's mother, counsel discussed with Father the possibility of executing a voluntary relinquishment of parental rights to (1) spare the children the ordeal of testifying; (2) avoid complicating or harming the criminal appeal; and (3) avoid the expense of a jury trial in the termination proceedings to ensure adequate funding for the criminal appeals.

At this point, the stories diverge. Father's attorney forwarded to him the affidavit, apparently believing he intended to sign it. The trial date was rapidly approaching and she notified counsel opposite that the affidavit would be arriving by mail. They discussed Mother's and step-father's appearances at the hearing to prove up the statutory basis for termination as well as the best interest finding. Father's counsel did not believe she needed to attend and notified the trial judge that the affidavit had been signed and was forthcoming. Because counsel lived and officed out of town, she offered to be available by telephone should her input be needed. The trial ensued. Counsel did not appear. Father did not appear and no bench warrant was ever requested. Communication then began in earnest when Father learned the hearing had taken place in his absence. He admonished his lawyer that he had been told there would be a

jury trial, that he would be bench warranted to attend, that he would testify, and that that least his daughter would be called as a witness. He tacitly acknowledged that he believed his mother had told the attorney that the affidavit would be signed and mailed. Whether that is true or whether Father initially agreed to sign it and then changed his mind, we cannot discern from the record. Judge Parks indicated at trial that he would defer entry of judgment for two weeks to allow the affidavit time to arrive. It did not arrive, but the judgment was signed nevertheless.

## PARENTAL TERMINATION

A parent's rights may be involuntarily terminated through proceedings brought under Section 161.001 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 161.001 (West 2008). Under this provision, the petitioner must (1) establish one or more of the statutory acts or omissions enumerated as grounds for termination, and (2) prove that termination is in the best interest of the children. *See id.* Both elements must be established and termination may not be based solely on the best interest of the children as determined by the trier of fact. *Texas Department of Human Services v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987).

The natural right of a parent to the care, custody, and control of their children is one of constitutional magnitude. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985); *see also Santosky v. Kramer,* 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (acknowledging that a parent's rights to "the companionship, care, custody, and management" of their children are constitutional interests, "far more precious than any property right"). Not only is a parent's interest in maintaining custody of and raising her children "paramount;" it is quite possibly the oldest fundamental liberty recognized by our courts. *See In the Interest of M.S., E.S., D.S., S.S., and N.S.,* 115 S.W.3d 534, 547 (Tex. 2003) (noting that Texas courts recognize that "a parent's interest in maintaining custody of and raising his or her child is paramount"); *Troxel v.*

*Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (in discussing the constitutional stature of parental rights, the United State Supreme Court said, "the interest of parents in the care, custody, and control of their children--is perhaps the oldest of the fundamental liberty interests recognized by this Court"); *see also In re M.S.,* 115 S.W.3d at 549 ("Termination of parental rights is traumatic, permanent, and irrevocable."). Although parental rights are of constitutional magnitude, they are not absolute. *In the Interest of C.H.,* 89 S.W.3d 17, 26 (Tex. 2002) ("Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right.").

### *Burden of Proof*

Because of the importance of parental rights, and the severity and permanency of termination, the quantum of proof required in a termination proceeding is elevated from a preponderance of the evidence to clear and convincing evidence. *Santosky,* 455 U.S. at 747, 102 S.Ct. at 1391; *accord Holick,* 685 S.W.2d at 20-21; s*ee In re M.S.,* 115 S.W.3d at 547 and *In the Interest of D.S.P. and H.R.P.,* 210 S.W.3d 776, 778 (Tex.App.--Corpus Christi 2006, no pet.) (cases recognizing that involuntary termination of parental rights is a drastic remedy which divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent.); *see also In the Interest of B.L.D. and B.R.D.,* 113 S.W.3d 340, 353-54 (Tex. 2003) (noting that because of the severity and permanency of termination, due process requires the party seeking to terminate parental rights prove the necessary elements by the heightened burden of proof of clear and convincing evidence).

"Clear and convincing evidence" means the measure or degree of proof that "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM.CODE ANN. § 101.007 (West 2008); *see In the Interest of J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002); *see also In the Interest of J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007) (contrasting the standards applied in termination proceedings and the standards applied in modification proceedings); *In the Interest of C.D. and K.D.,* No. 02-10-00070-CV, 2011 WL 1743688, at *4 (Tex.App.--Fort Worth May 5, 2011, no pet.). This intermediate standard falls between the preponderance of evidence standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *State v. Addington,* 588 S.W.2d 569, 570 (Tex. 1979); *In the Interest of D.T.,* 34 S.W.3d 625, 630 (Tex.App.--Fort Worth 2000, pet. denied) (op. on reh'g). Although the proof must be more than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington,* 588 S.W.2d at 570.

### *Standards of Review*

The Supreme Court has clearly articulated the applicable standards of legal sufficiency review in termination cases. Accordingly, we consider all of the evidence in the light most favorable to the trial court's finding, "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005), *quoting In re J.F.C.,* 96 S.W.3d at 266. We give deference to the fact finder's conclusions, indulge every reasonable inference from the evidence in favor of that finding, and presume the fact finder resolved any disputed facts in favor of its findings, so long as a reasonable fact finder could do so. *Id.; In re J.F.C.,* 96 S.W.3d at 266. We disregard any evidence that a reasonable fact finder could have disbelieved, or found to have been incredible,

but we do not disregard undisputed facts. *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266. A legal sufficiency or no evidence point will only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Swinney v. Mosher,* 830 S.W.2d 187, 194 (Tex.App.--Fort Worth 1992, writ denied).

### *Statutory Predicates*

The termination order here was based on TEX.FAM.CODE ANN. § 161.001(1)(Q), which requires a finding that the parent knowingly engaged in criminal conduct that has resulted in the parent's (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

### *Best Interest of the Children*

A determination of best interest necessitates a focus on the child, not the parent. *See In the Interest of R.F.,* 115 S.W.3d 804, 812 (Tex.App.--Dallas 2003, no pet.). However, there is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *Swate v. Swate,* 72 S.W.3d 763, 767 (Tex.App.--Waco 2002, pet denied). The Texas Supreme Court has enumerated certain factors which should be considered: the child's desires; the child's emotional and physical needs now and in the future; the emotional and physical danger to the child now and in the future; the parenting abilities of the individuals seeking custody; the programs available to assist those individuals to promote the child's best interest; the plans for the child by those individuals or the agency seeking custody; the stability of the home or proposed placement; the parent's acts or omissions that may indicate that the existing parent-

child relationship is not a proper one; and any excuse for the parent's acts or omissions. *Holley v. Adams,* 544 S.W.2d 367, 372 (Tex. 1976) ("the *Holley* factors"). Also, permanence is of paramount importance in considering a child's present and future needs. *Dupree,* 907 S.W.2d at 87.

## EFFECTIVE ASSISTANCE OF COUNSEL

The crux of Father's appeal is that his lawyer provided ineffective assistance of counsel because she failed to appear for trial or otherwise present any evidence relating to best interest of the children. He effectively concedes the statutory predicate for termination.

There are two factors which are dispositive of this appeal. First, this was a private termination and adoption. This was not a suit brought by the Department of Family and Protective Services. Father was not entitled to appointed counsel, although it is common practice in some jurisdictions. The Family Code provides:

**§ 107.013. Mandatory Appointment of Attorney ad Litem for Parent**

(a) **In a suit filed by a governmental entity** under Subtitle E in which termination of the parent-child relationship or the appointment of a conservator for a child is requested, the court shall appoint an attorney ad litem to represent the interests of:

(1) an indigent parent of the child who responds in opposition to the termination or appointment. . .

Thus Father was required to retain counsel to defend the termination suit.

This leads us to the second factor. No court in Texas has allowed a parent whose parental rights have been terminated to seek reversal based on ineffective assistance of **retained counsel.** We begin with the history and development of the constitutional protections between parents and their children. In this context, rulings from the United States Supreme Court, the Texas Court of Criminal Appeals and the Texas Supreme Court intersect. We know from *Strickland v.*

*Washington,* 466 U.S. 668, 685-86 (1984) that the Sixth Amendment of the United States Constitution guarantees the right of effective assistance of counsel in criminal prosecution. This is true whether counsel is retained or appointed. The Texas Court of Criminal Appeals has held likewise. *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex.Crim.App. 2005). But "[t]he doctrine of ineffective assistance of counsel does not apply in civil cases where there is no constitutional or statutory right to counsel." *In the Interest of C.J.*, 2015 WL 1089660 *2, No. 04-14-00663-CV (Tex.App.--San Antonio Mar. 11, 2015, no pet.) (mem.op.), *citing Culver v. Culver*, 360 S.W.3d 526, 535 (Tex.App.--Texarkana 2011, no pet.) In *Lassiter v. Dep't of Soc. Servs. Of Durham Cnty., N.C.,* 452 U.S. 18, 3133 (1981), we learned that there is no absolute due process right to counsel in parental termination suits. Instead, said the court, the decision to appoint an attorney should be made by the trial court on a case-by-case basis. As we have indicated, the Texas Legislature saw fit to mandate a statutory right to counsel for indigent parents in termination proceedings brought by a governmental entity. TEX.FAM.CODE ANN. § 107.013(a) (West 2014).

We look now to the guidance of the Texas Supreme Court. In *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), the court addressed whether a parent may challenge a termination order on the basis of ineffective assistance of counsel. And the court answered, "Yes."

> We hold that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel. We thus align Texas with most of the other states that provide a similar right.

Finding that the Court of Criminal Appeals had applied *Strickland* in the criminal context, the court found "no reason not to apply it in our civil parental-rights termination proceedings." *Id.* at 545. Yet the court limited the remedy to court-appointed counsel, a distinction noted by the Fort Worth Court of Appeals as well.

> Indigent parents in a private termination of parental rights suit possess no statutory right to appointed counsel while indigent parents in a CPS-initiated suit

do.

*In re J.C.*, 250 S.W.3d 486, 489 (Tex.App.--Fort Worth 2008, pet. denied). The petition for review was denied by the Supreme Court.

We are sympathetic to the plight of a litigant who retains counsel in a private termination proceeding. Criminal defendants are granted the right to challenge the effectiveness of legal representation, regardless of whether counsel is retained or appointed. Inasmuch as the body of law surrounding parental terminations has equated the constitutional liberty interests in the parent-child relationship with liberty interests of criminal defendants, it is not a far leap for the courts to make. However, as an intermediate appellate court, it is not within our purview to legislate rights or create them by judicial fiat. We thus leave expansion of remedies in a private termination to the Legislature and the Supreme Court.

We overrule Issues One and Two and affirm the judgment of the court below.


August 21, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.