COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-17-00192-CV |
| | § | Appeal from |
| IN THE INTEREST OF J.G.S., A CHILD | § | 112th District Court |
| | § | of Pecos County, Texas |
| | § | (TC # P-11916-112-CV) |
| | § | |

## O P I N I O N

This appeal is from a judgment terminating the parental rights of J.V. to J.G.S., his daughter. We affirm.

## FACTUAL SUMMARY

L.S.A. (Mother) and J.V. (Father) are the biological parents of J.G.S. (Janet).[1] Mother has not had a relationship with Janet since 2007 when Janet was placed with her maternal grandparents, G.L. and D.L. Father has never been part of Janet's life and he was been incarcerated in Arkansas during most of this case as the result of a sexual assault conviction. In early 2016, thirteen-year-old Janet was residing with G.L. Janet allegedly assaulted G.L. and was detained at the Juvenile Justice Center in San Angelo, Texas. When the juvenile probation office informed G.L. that it

---

[1] To protect the identity of the child, J.G.S., the opinion will refer to her by the fictitious name, "Janet." *See* TEX.R.APP.P. 9.8(b)(2). Her parents will be referred to by initials or simply as Mother and Father where indicated. Her maternal grandmother, G.L., will be referred to by her initials. Her maternal grandfather, L.S., will be referred to by his initials.

intended to recommend that the charge against Janet be dismissed, G.L. refused to accept Janet back into her home. Janet remained in detention while the Texas Department of Family and Protective Services sought another placement for her. On March 1, 2016, the Department filed a termination petition against Mother, and after determining Father's identity, it filed an amended petition seeking to establish his paternity and terminate his parental rights as well. The amended petition sought termination of Father's parental rights under Section 161.001(b)(1)(L) based on an allegation that Father had been convicted of sexual assault, and under Section 161.001(b)(1)N) based on an allegation that Father had constructively abandoned Janet. *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(L), (N)(West Supp. 2017). Shortly before trial in August 2016, Janet was placed with paternal relatives in Arkansas. Following the final hearing, the trial court terminated the parental rights of both Mother and Father. Father filed notice of appeal.[2]

**TERMINATION GROUNDS AND BEST INTEREST
UNDER SECTION 161.001**

Father raises three issues challenging the legal and factual sufficiency of the evidence supporting the trial court's findings related to the termination grounds and best interest of the child. In Issues One and Two, Father attacks the legal and factual sufficiency of the evidence supporting the predicate termination grounds found by the trial court under Section 161.001(b)(1)(L) and (N). In Issue Three, Father challenges the legal and factual sufficiency of the evidence supporting the best interest finding made under Section 161.001(b)(2).

Parental rights may be involuntarily terminated through proceedings brought under Section 161.001 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 161.001. Under this provision, the petitioner must (1) establish one or more of the statutory acts or omissions enumerated as grounds for termination, and (2) prove that termination is in the best interest of the children. *See*

---

[2] Mother did not appeal.

*id*.  Both elements must be established and termination may not be based solely on the best interest of the child as determined by the trier of fact.  *Texas Department of Human Services v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In the Interest of A.B.B.*, 482 S.W.3d 135, 138 (Tex.App.--El Paso 2015, pet. dism'd w.o.j.).  Only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.  *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).  We will affirm the termination order if the evidence is both legally and factually sufficient to support any alleged statutory ground the trial court relied upon in terminating the parental rights as well as the finding of best interest.  *J.S. v. Texas Department of Family and Protective Services*, 511 S.W.3d 145, 159 (Tex.App.--El Paso 2014, no pet.).

*Standards of Review*

When reviewing the legal sufficiency of the evidence in a termination case, we consider all of the evidence in the light most favorable to the trial court's finding, "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005), *quoting In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002); *see In re J.O.A.,* 283 S.W.3d 336, 344 (Tex. 2009).  We give deference to the fact finder's conclusions, indulge every reasonable inference from the evidence in favor of that finding, and presume the fact finder resolved any disputed facts in favor of its findings, so long as a reasonable fact finder could do so. *In the Interest of J.P.B.*, 180 S.W.3d at 573.  We disregard any evidence that a reasonable fact finder could have disbelieved, or found to have been incredible, but we do not disregard undisputed facts. *In re J.P.B.*, 180 S.W.3d at 573; *In re J.F.C.*, 96 S.W.3d at 266.

In a factual sufficiency review, the inquiry is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the challenge findings. *See In re J.F.C.*, 96 S.W.3d at 266. We must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d at 266. A court of appeals should consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *Id.* If the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

*Constructive Abandonment*

We will begin by addressing Issue Two. In this issue, Father argues that the evidence is legally and factually insufficient to support termination of his parental rights under Section 161.001(b)(1)(N) of the Family Code. *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(N). If the evidence is legally and factually sufficient to support this termination ground, it is not necessary to address the sufficiency challenge raised in Issue One regarding the finding under Section 161.001(b)(1)(L).

To establish constructive abandonment under section 161.001(b)(1)(N), the Department was required to prove by clear and convincing evidence that: (1) Father had constructively abandoned Janet who had been in the Department's permanent or temporary managing conservatorship for not less than six months; (2) the Department made reasonable efforts to return Janet to Father; (3) Father had not regularly visited or maintained significant contact with Janet; and (4) Father had demonstrated an inability to provide Janet with a safe environment. *See* TEX.FAM.CODE ANN. § 161.001(b)(1)(N).

Father concedes that Janet was in the permanent or temporary conservatorship of the Department for not less than six months. Further, he has failed to challenge the evidence supporting the trial court's findings that he has not regularly visited or maintained significant contact with Janet and he has demonstrated an inability to provide her with a safe environment. Father's sufficiency argument is restricted to the element regarding the Department's reasonable efforts to return Janet to him. More specifically, he argues that the evidence is insufficient because the Department failed to create a service plan for him.

The Fort Worth Court of Appeals has held that the "reasonable efforts" element of Section 161.001(b)(1)(N) does not apply when the parent is incarcerated. *See In re D.T.*, 34 S.W.3d 625, 633 (Tex.App.--Fort Worth 2000, pet. denied). Other courts have stopped short of a wholesale adoption of this holding, but they have observed that this element "may not apply" when the parent is incarcerated. *See In re A.T.L.*, No. 04-15-00379-CV, 2015 WL 6507807, at *4 (Tex.App.--San Antonio Oct. 28, 2015, pet. denied); *In re A.Q.W.*, 395 S.W.3d 285, 288 (Tex.App.--San Antonio 2013, no pet.); *In re K.J.T.M.*, No. 06-09-00104-CV, 2010 WL 1664027, at *3 (Tex.App.-- Texarkana Apr. 27, 2010, no pet.). Reasonable efforts to return a child to a parent "under section 161.001(1)(N)(i) does not necessarily mean the child must be physically delivered to the incarcerated parent." *In re A.T.L.*, No. 04-15-00379-CV, 2015 WL 6507807 (Tex.App.--San Antonio Oct. 28, 2015, pet. denied), *quoting In re D.S.A.*, 113 S.W.3d 567, 573 (Tex.App.-- Amarillo 2003, no pet.).

We will assume for the sake of analysis that this element applies despite Father's incarceration. Father is correct that the Department's implementation of a service plan is generally considered a reasonable effort to return a child. *See H.N. v. Department of Family and Protective Services*, 397 S.W.3d 802, 809 (Tex.App.--El Paso 2013, no pet.). The case law does not hold,

however, that such evidence is absolutely required to prove constructive abandonment under Section 161.001(b)(1)(N). The Department's efforts to place the child with relatives may constitute legally and factually sufficient evidence to support the trial court's finding that the Department made reasonable efforts. *See H.N.*, 397 S.W.3d at 810. The trial court entered an order in January 2017 establishing Father as Janet's father, and the Department admittedly did not create a service plan for him. The final hearing took place in August 2017. The Department undertook efforts to place Janet with relatives on both the maternal and paternal sides of her family, and they eventually succeeded in placing Janet with a paternal aunt and uncle in Arkansas only one month before trial. A question remained at the time of trial whether Janet can remain in this placement due to an ongoing Medicaid benefits issue which is preventing Janet from obtaining required medication, but the evidence shows that the Department has made substantial efforts to resolve the issue. We conclude that the evidence is legally and factually sufficient to support the trial court's finding that the Department made reasonable efforts to return the child to Father through a surrogate. Accordingly, Issue Two is overruled. It is unnecessary to address Issue One.

*Best Interest*

In Issue Three, Father challenges the legal and factual sufficiency of the evidence supporting the best interest finding made under Section 161.001(b)(2) of the Family Code. A determination of best interest necessitates a focus on the child, not the parent. *See In the Interest of B.C.S.*, 479 S.W.3d 918, 927 (Tex.App.--El Paso 2015, no pet.); *In the Interest of R.F.*, 115 S.W.3d 804, 812 (Tex.App.--Dallas 2003, no pet.). There is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re B.C.S.*, 479 S.W.3d at 927. The Texas Supreme Court has enumerated certain factors which should be considered: the child's desires; the child's emotional and physical needs now and in the future; the emotional and physical

danger to the child now and in the future; the parenting abilities of the individuals seeking custody; the programs available to assist those individuals to promote the child's best interest; the plans for the child by those individuals or the agency seeking custody; the stability of the home or proposed placement; the parent's acts or omissions that may indicate that the existing parent-child relationship is not a proper one; and any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976)("the *Holley* factors"). We also must bear in mind that permanence is of paramount importance in considering a child's present and future needs. *In re B.C.S.*, 479 S.W.3d at 927.

The first factor is the desires of the child. Janet was fourteen years of age when the trial occurred in August 2017. The evidence shows that Janet did not know who her father was prior to entry of the parentage order signed in January 2017 and she has no relationship with or emotional bond to Father. Janet is well-cared for by her aunt and uncle, is doing well in her placement, and she wants to remain in the home. This factor weighs in favor of the best interest finding. *See In re J.M. and L.M.*, 156 S.W.3d 696, 706 (Tex.App.--Dallas 2005, no pet.).

The next two factors are the child's emotional and physical needs now and in the future, and the emotional and physical danger to the child now and in the future. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Edwards v. Texas Department of Protective & Regulatory Services*, 946 S.W.2d 130, 138 (Tex.App.--El Paso 1997, no pet.), *disapproved of on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002); *In re U.P.,* 105 S.W.3d 222, 230 (Tex.App.--Houston [14th Dist.] 2003, pet. denied)(stating that children need permanency and security). A parent's incarceration is relevant to his ability to the meet the child's present and future physical and emotional needs. *In re M.D.S.*, 1 S.W.3d 190, 200 (Tex.App.--Amarillo 1999, no pet.). Further, a parent's incarceration at the

time of trial makes the child's future uncertain. *Id.* Father is currently incarcerated for sexual assault and he has not made any effort to have a relationship with Janet except for one unauthorized attempt to contact her via Facebook which resulted in Janet's admission to a psychiatric hospital. Based on this evidence, the trial court could have found that Father is unable to provide for Janet's emotional and physical needs now and in the future. Likewise, Father's lack of contact with Janet exposed her to emotional danger now and will continue to do so in the future. *See In re R.A.G.*, ----- S.W.3d ---, 2017 WL 105131, at *3 (Tex.App.--El Paso Jan. 11, 2017, no pet.)("[A] fact finder may infer that a parent's lack of contact with the child and absence from the child's life endangered the child's emotional well-being."). We conclude that the second and third factors weigh heavily in support of the best interest finding.

The fourth factor is the parenting abilities of the individuals seeking custody. In reviewing the parenting abilities of a parent, a factfinder can consider the parent's past neglect or past inability to meet the physical and emotional needs of the children. *D.O. v. Texas Department of Human Services*, 851 S.W.2d 351, 356 (Tex.App.--Austin 1993, no writ), *disapproved of on other grounds by In re J.F.C.,* 96 S.W.3d 256 (Tex. 2002). The Department did not create a service plan for Father, but the record shows that during the seven-month period after the trial court signed the parentage order, Father has not made any effort to establish a relationship with Janet or meet her physical and emotional needs. The trial court could have inferred from this evidence that Father has poor parenting abilities. This factor weighs in favor of the best interest findings.

The fifth factor examines the programs available to assist those individuals to promote the child's best interest. There is no evidence of any programs available to assist Father. This factor is neutral.

We will consider the sixth and seventh factors together. The sixth factor examines the plans for the child by those individuals or the agency seeking custody. The seventh factor is the stability of the home or proposed placement. The factfinder may compare the parent's and the Department's plans for the child and determine whether the plans and expectations of each party are realistic or weak and ill-defined. *D.O.*, 851 S.W.2d at 356. Father did not offer any plan for Janet. The Department's plan for Janet is termination of Father's parental rights and to allow Janet to remain in her current placement. Janet is doing well, her aunt and uncle are committed to meeting her emotional and physical needs, and the placement is a stable one provided that the Medicaid benefits issue is resolved. The evidence also showed that the Department has worked diligently to resolve the Medicaid benefits issue and it appeared at the time of trial that the matter was close to a resolution. From this evidence, the trial could find that the placement will allow Janet an opportunity for stability and permanence. This factor weighs in favor of best interest.

The eighth factor is the parent's acts or omissions that may indicate that the existing parent-child relationship is not a proper one. Father has a conviction for sexual assault and he is incarcerated. He has not made any effort to establish a relationship with Janet or to provide for her physical and emotional needs. Given Father's inability to provide a stable home for Janet or meet her needs, the court could have found that the existing parent-child relationship is not a proper one.

The ninth factor is whether there is any excuse for the parent's acts or omissions. Father's brief does not offer any excuses for his acts and omissions. This factor supports the best interest finding.

Having reviewed all of the *Holley* factors, we conclude that the evidence is both legally and factually sufficient to establish a firm conviction in the mind of the trial court that termination of Father's parental rights is in the child's best interest. Issue Three is overruled.

## PERMANENT MANAGING CONSERVATOR

In Issue Four, Father argues that the evidence is legally and factual insufficient to support the appointment of the Department as the permanent managing conservator of Janet under Section 153.371 of the Texas Family Code. This statute lists the rights and duties of a non-parent appointed as the child's sole managing conservator, but it does not establish the standard for the appointment of the managing conservator. *See* TEX.FAM.CODE ANN. § 153.371 (West Supp. 2017). In this case, the trial court terminated the parental rights of both parents. Section 161.207 provides that if trial court terminates the parent-child relationship with respect to both parents, the court shall appoint a suitable, competent adult, the Department of Family and Protective Services, or a licensed child-placing agency as managing conservator of the child. TEX.FAM.CODE ANN. § 161.207(a). Father's challenge to the conservatorship appointment was subsumed in the issues related to the termination of his parental rights. *See In re D.N.C.*, 252 S.W.3d 317, 318 (Tex. 2008). Issue Four is overruled. The judgment of the trial court terminating Father's parental rights to Janet is affirmed.

February 14, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.