

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00465-CV

**IN THE INTEREST OF T.N.R.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA01283
Honorable Laura Salinas, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: October 30, 2019

AFFIRMED

E.R. appeals the trial court's order terminating his parental rights to T.N.R. The only issue presented on appeal is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in T.N.R.'s best interest. We affirm the trial court's order.

### BACKGROUND

On June 13, 2018, the Texas Department of Family and Protective Services filed a petition to terminate E.R.'s parental rights to T.N.R. In addition to also seeking to terminate the parental rights of T.N.R.'s mother to T.N.R., the petition also sought to terminate the parental rights of T.N.R.'s mother to eight of T.N.R.'s half-siblings as well the fathers of her eight half-siblings. On June 17 and 18, 2019, a bench trial was held. The trial court terminated E.R.'s parental rights, and he appeals.

**STANDARD OF REVIEW AND STATUTORY REQUIREMENTS**

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of the following six predicate grounds under subsection 161.001(b)(1) to terminate E.R.'s parental rights: (1) knowingly placed or knowingly allowed T.N.R. to remain in conditions or surroundings which endangered her physical and emotional well-being; (2) engaged in conduct or knowingly placed T.N.R. with persons who engaged in conduct which endangered her physical or emotional well-being; (3) was convicted for being criminally responsible for the death or serious injury of a child; (4) constructively abandoned T.N.R.; (5) failed to comply with the provisions of a court order establishing the actions necessary to obtain T.N.R.'s return; (6) knowingly engaged in criminal conduct that resulted in E.R.'s conviction of an offense and confinement or imprisonment and inability to care for T.N.R. for not less than two years from the date of the filing of the petition. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (L), (N), (O), (Q); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (noting evidence that proves one or more statutory grounds for termination may be probative in proving termination is in the child's best interest). The trial court also found clear and convincing evidence that terminating E.R.'s parental rights was in T.N.R.'s best interest.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In*

*re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at \*4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

### BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

In the argument section of his brief, E.R. relies exclusively on his testimony to argue the trial court erred in finding that termination of his parental rights was in T.N.R.'s best interest. Under the applicable standards of review, however, we consider all the evidence presented at trial, and we defer to the trial court's assessment of the credibility of the witnesses and the weight to be given to the evidence. *See In re J.F.C.*, 96 S.W.3d at 266-67; *In re F.M.*, 2017 WL 393610, at \*4. Accordingly, the trial court could have disbelieved E.R.'s testimony that is cited in the argument section of his brief or given greater weight to other testimony contrary to E.R.'s argument.

T.N.R. was twelve-years-old and pregnant at the time of her removal. She alleged she had been sexually abused by E.R. and two other male relatives. T.N.R.'s older half-sibling, S.E., also alleged she was sexually abused by E.R. on one occasion. The removing worker for the Department and the Department's investigator found the allegations credible, and the investigating worker concluded there was "reason to believe" the allegations. From this evidence, the trial court could have found E.R. presented an emotional and physical danger to T.N.R. especially given that T.N.R. does not want any contact with E.R.

E.R. was incarcerated at the time of trial serving a ten-year sentence for family violence assault – choking/strangulation and a concurrent five-year sentence for injury to E.R.'s ex-girlfriend's child. E.R. was incarcerated throughout the pendency of the case and was not due to be released until July of 2021. E.R. was previously denied parole.

"[C]riminal conduct and incarceration affects a parent's life and the ability to parent, thereby subjecting a child to potential emotional and physical danger." *In re S.A.M.*, No. 04-18-00607-CV, 2019 WL 573469, at *5 (Tex. App.—San Antonio Feb. 13, 2019, pet. denied) (mem. op.). Additionally, "[a] parent's incarceration is relevant to his ability to meet the child's present and future physical and emotional needs." *In re J.G.S.*, 550 S.W.3d 698, 706 (Tex. App.—El Paso 2018, no pet.). "[A] parent's incarceration at the time of trial makes the child's future uncertain." *Id*. Therefore, based on E.R.'s incarceration, the trial court could have believed E.R. subjected T.N.R. to potential emotional and physical danger, was unable to meet T.N.R.'s present and future physical and emotional needs, and made T.N.R.'s future uncertain.

T.N.R. and five of her half-siblings were placed with a paternal great aunt after their removal.[1] While in her great aunt's care, T.N.R. gave birth to her baby and placed the baby up for

---

[1] T.N.R.'s older half-sibling, S.E., was placed with her father, and the other two half-siblings were placed with their father and his parents. Those fathers' rights were not terminated.

adoption. All six children are bonded and thriving in their placement. T.N.R.'s great aunt and her husband plan to adopt T.N.R. and her five half-siblings, and even moved into a bigger home to accommodate all the children.

Having reviewed the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that terminating E.R.'s parental rights was in T.N.R.'s best interest.

CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice