

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00064-CV

_____

IN THE INTEREST OF D.T., A CHILD

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 85628

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

O P I N I O N

The Texas Department of Family and Protective Services (Department) filed a petition to terminate Sally's parental rights to her child, D.T.,[1] on the grounds that she had (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered his physical or emotional well-being, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered his physical or emotional well-being, and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain D.T.'s return after he had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of his removal for abuse or neglect. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (Supp.). A Hunt County jury found that grounds for terminating Sally's parental rights existed and that termination of Sally's parental rights was in D.T.'s best interest.[2]

On appeal from the termination of her parental rights, Sally argues (1) that the evidence is legally and factually insufficient to support the jury's verdict and (2) that her retained counsel rendered ineffective assistance. We affirm the trial court's judgment because we find that Sally failed to preserve her first issue for appeal and that she may not complain about retained counsel's alleged ineffectiveness.

---

[1]To protect the confidentiality of the child involved, we refer to the adults by pseudonyms and the child by initials. *See* TEX. R. APP. P. 9.8(b)(2).

[2]It was shown at trial that, when D.T. was removed after the death of his sibling while under Sally's care, D.T. had many bruises on his body and had suffered a fractured hand. The evidence also showed that Sally tested positive for drugs during the pendency of the case, missed drug tests, and did not complete her court-ordered family service plan.

**I.     Sally Failed to Preserve Her First Issue**

In her first point of error, Sally argues that the evidence is legally and factually insufficient to support the jury's verdict. Sally admits that these issues were not preserved. This Court has previously stated,

> As a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court in either: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial."

*In re A.L.*, 486 S.W.3d 129, 130 (Tex. App.—Texarkana 2016, no pet.) (quoting *In re C.Y.*, No. 02-15-00152-CV, 2015 WL 6394559, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (mem. op.) (citing *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.))). In this case, Sally failed to challenge the legal sufficiency of the evidence in any of the manners specified above, or otherwise. As a result, we find that she has failed to preserve her legal sufficiency challenge for appeal. *See id.*

"Further, '[t]he Texas Rules of Civil Procedure specify that the filing of a motion for new trial is a prerequisite to present "[a] complaint of factual sufficiency of the evidence to support a jury finding."'" *Id.* (quoting *In re O.M.H.*, No. 06-12-00013-CV, 2012 WL 2783502, at *2 (Tex. App.—Texarkana July 10, 2012, no pet.) (mem. op.) (quoting TEX. R. CIV. P. 324(b)(2)) (citing *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991))). "Where, as here, there is no motion for new trial raising factual sufficiency challenges to the jury's verdict, '[f]actual sufficiency is not preserved for appeal.'" *Id.* (quoting *O.M.H.*, 2012 WL 2783502, at *2 (footnote omitted) (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *C.Y.*, 2015 WL 6394559, at *2; *In re J.V.*, No. 02-

15-00036-CV, 2015 WL 4148500, at \*1–2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.); *In re E.K.*, No. 13-14-00720-CV, 2015 WL 2353292, at \*7–8 (Tex. App.—Corpus Christi May 14, 2015, no pet.) (mem. op.); *In re C.D.K.*, 64 S.W.3d 679, 681–82 (Tex. App.—Amarillo 2002, no pet.))).

Because she failed to preserve it, Sally's first point of error regarding legal and factual sufficiency is overruled.[3]

## II. Sally May Not Complain About Retained Counsel's Alleged Ineffectiveness

In her last issue on appeal, Sally argues that her retained counsel has rendered ineffective assistance. "In Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases." *In re Z.C.*, No. 12-15-00279-CV, 2016 WL 1730740, at \*2 (Tex. App.—Tyler Apr. 29, 2016, no pet.) (mem. op. & order) (quoting *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (citing TEX. FAM. CODE ANN. § 107.013(a)(1))). "The Supreme Court of Texas has held this statutory right to appointed counsel necessarily 'embodies the right to effective counsel.'" *Id.* (quoting *In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010)). "Thus, a parent may challenge an order of termination on the ground that court-appointed counsel rendered ineffective assistance." *Id.* (citing *M.S.*, 115 S.W.3d at 544–45; *In re J.O.A.*, 283 S.W.3d 336, 341 (Tex. 2009)).

---

[3]We note that the Texas Supreme Court has held that due process demands that we review the evidence supporting findings under Grounds D and E when they are challenged on appeal—even if the appellate court finds the evidence to support one of the other statutory grounds for termination—because termination of parental rights under these grounds "may have implications for . . . parental rights to other children." *In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (per curiam). Nevertheless, this ruling presupposes that the appellant has preserved the issues for appeal in the first instance. *See id.* ("*When a parent has presented the issue on appeal*, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children.") (emphasis added). Thus, the ruling in *N.G.* does not eliminated the long-established requirement of error preservation of legal and factual sufficiency issues in parental-rights termination cases decided by a jury. *In re S.C.*, No. 02-18-00422-CV, 2019 WL 2455612, at \*4 n.2 (Tex. App.—Fort Worth June 13, 2019, pets. denied) (mem. op.)

4

However, "[a] parent who hires his or her own attorney in lieu of the attorney appointed by the court cannot raise an ineffective assistance of counsel challenge to [a] parental[-rights] termination order." *In re C.J.G.*, No. 04-19-00237-CV, 2019 WL 5580253, at *6 (Tex. App.—San Antonio Oct. 30, 2019, no pet.) (quoting *In re C.J.*, No. 04-14-00663-CV, 2015 WL 1089660, at *2 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.) (citing *In re L.G.D.*, No. 06-17-00061-CV, 2017 WL 4507673, at *2 (Tex. App.—Texarkana Oct. 10, 2017, pet. denied) (mem. op.) (listing appellate courts holding same))); *see Z.C.*, 2016 WL 1730740, at *2 (citing *In re J.B.*, No. 07-14-00187-CV, 2014 WL 5799616, at *5 (Tex. App.—Amarillo Nov. 6, 2014, no pet.) (mem. op.)); *In re A.B.B.*, 482 S.W.3d 135, 140–41 (Tex. App.—El Paso 2015, pet. dism'd) (noting that no court in Texas has allowed a parent whose parental rights have been terminated to seek reversal based on ineffective assistance of retained counsel)).[4]

---

[4]Sally cites to our sister court's opinion in *In re E.R.W.* to support her argument that she may raise an ineffective assistance claim against her retained counsel. *See In re E.R.W.*, 528 S.W.3d 251, 261 (Tex. App.—Houston [14th Dist.] 2017, no pet.). *E.R.W.* acknowledged cases from other sister courts finding that nonindigent parents had no right to raise ineffective assistance of counsel claims on appeal, but concluded those cases were "not on point because these cases appl[ied] a prior version of" Section 107.013 of the Texas Family Code, titled "Mandatory Appointment of Attorney ad Litem for Parent." *Id.* at 259 (citing *Z.C.*, 2016 WL 1730740, at *2; *A.B.B.*, 482 S.W.3d at 140–41; *J.B.*, 2014 WL 5799616, at *5; *In re V.G.*, No. 04-08-00522-CV, 2009 WL 2767040, at *12 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem. op.)); *see* TEX. FAM. CODE ANN. § 107.013. In deciding that nonindigent parents could bring ineffective assistance claims for retained counsel, the Houston Fourteenth Court of Appeals relied on a 2015 amendment to Section 107.013 of the Texas Family Code, which required courts in a suit for termination filed by the Department to "inform the parent of: (1) the right to be represented by an attorney; and (2) if the parent is indigent and appears in opposition to the suit, the right to an attorney ad litem appointed by the court." TEX. FAM. CODE ANN. § 107.013(a-1). After referring to this portion of the statute, the Houston Fourteenth Court of Appeals wrote that "under the current version of section 107.013, a non-indigent parent in a Termination Suit has a statutory right to representation by counsel." *E.R.W.*, 528 S.W.3d at 261. However, because Section 107.013 provided a statutory right to representation long before the 2015 amendment, which we view as a notice requirement of an already-established right, we find our sister court's reasoning in *E.R.W.* unpersuasive. *See* Act of May 20, 1997, 75th Leg., R.S., ch. 561, § 3, 1997 Tex. Gen. Laws 1983, 1984 (amended 2001, 2003, 2005, 2007, 2011, 2013, 2015) (current version at TEX. FAM. CODE § 107.013).

Because Sally's counsel was retained, we overruled her last point of error alleging ineffective assistance.

## III.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     December 4, 2019
Date Decided:       December 13, 2019