

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00045-CV

IN THE INTEREST OF C.F., A CHILD

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 20S0025-005

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

The trial court previously appointed Mary as C.F.'s managing conservator even though she was not biologically related to the child.[1]  After receiving reports of abuse and neglect of C.F. while in Mary's care, the trial court terminated Mary's conservatorship.  In her sole point of error on appeal, Mary argues that she received ineffective assistance of counsel because counsel did not urge her private petition to terminate Mother's and Father's parental rights so that she could adopt the child.  Because we find that Mary has failed to show entitlement to any relief from the order removing her as conservator, we affirm the trial court's judgment.

## I.    Background

On August 21, 2020, the trial court entered an order in a suit affecting the parent-child relationship.  The August 2020 order afforded Father no conservatorship rights to C.F., appointed Mother as possessory conservator only, and appointed Mary as her managing conservator.  In October 2020, Mary, who was represented by counsel, filed a private suit that sought to terminate Mother's and Father's parental relationships with C.F. so that Mary could adopt the child.  That petition was amended on October 14, 2021.

In November 2021, after receiving a September 1, 2021, report that the child was being abused or neglected by Mary, the Department filed a petition asking the trial court to require Mother, Father, and Mary to participate in "all services, recommendations, safety planning and plans of service requested by the Department."  On November 18, the trial court set an emergency hearing pursuant to Chapter 262 of the Texas Family Code and appointed the

---

[1]To protect the child's identity, we refer to the child by her initials and refer to parties other than the Department of Family and Protective Services by pseudonym.  *See* TEX. R. APP. P. 9.8.

Department as temporary sole managing conservator of the child. Mary, who was represented by counsel, answered the Department's petition and prayed for reasonable and necessary attorney fees.

On December 29, 2021, the Department filed a suit seeking to terminate Mother's and Father's parent-child relationship with C.F., and the case was consolidated with Mary's private suit. After a full adversary hearing, the trial court found "that the placement of the child with the child's noncustodial parent, [Mary,] . . . [was] inappropriate and not in the best interest of the child." The trial court appointed counsel for Mary, continued the Department's temporary managing conservatorship of the child, and set the matter for a hearing. After the Department approved a home study, C.F. was placed with her paternal aunt.

At the hearing, the Department's caseworker, Demetris Simington, testified that the Department investigated allegations of physical abuse to C.F. while in Mary's care. Because there were unexplained bruises on C.F.'s body and an injury to her eye, the child was removed from Mary's home. Simington, who was concerned about Mary's mental health, testified that Mary had not yet completed a court-order psychological evaluation. She testified that her observations of visits led her to conclude that C.F. was more comfortable with Mother than with Mary and that C.F. was "performing to please [Mary]." Simington and Joey Elliott, Bowie County advocate coordinator, testified that Mary refused to enroll the child in school, and Simington noted that Mary had a prior history of driving while intoxicated. Elliott informed the trial court that C.F. was doing well under the care of her paternal aunt.

Elliott also testified that he was concerned Mary would allow Mother to "come back into her house" and that Mary would not be protective of C.F. Substantiating this concern, Mary said that she had declined the child support from Mother and Father and testified, "I'm not trying to take their kid away. They can see them whenever." Mary claimed that the allegations and reports of abuse while the child was under her care were the result of prank callers and that the Department's witnesses were liars.

In her favor, Mary testified that she was attending weekly counseling and had received a psychological evaluation but acknowledged that the Department had not been provided with a report of that evaluation. She testified that she loved C.F., wanted to enroll the child in school, and wished C.F. returned to her care.

After the hearing, the trial court terminated Mary's rights as a conservator, appointed C.F.'s paternal aunt as the child's permanent managing conservator, and appointed Mother and Father as possessory conservators.

## II. Mary Was Not Entitled to Any Relief from the Order Removing Her as Conservator

Mary's argument is based on ineffective assistance of counsel for failing to urge her private petition to terminate Mother's and Father's parental rights:

> In this case[,] [Mary] argues that her removal as a conservator of the child is essentially a termination because it severed the relationship with the child she had raised most of its life. This removal should be set aside because she was deprived of the effective assistance of her attorney. Had [counsel] followed through with her petition to terminate the biological parents' rights, she would have had standing as the child's mother and her relationship to the child would not have been so easily discarded.

First, we find Mary's argument meritless because counsel did urge Mary's private petition to terminate parental rights. At the beginning of the hearing, the trial court remarked, "All right. . . . . It's my understanding that we're here with regard to at least a motion to terminate from [Mary]. Is that correct?" Mary's counsel replied in the affirmative but, when the trial court asked if the parties were ready to proceed, counsel for Mother and the Department objected to moving forward on the ground that the trial court's decision on the Department's petition should be addressed first because, if Mary were removed as conservator, she would then lose standing to bring the termination petition. Despite Mary's counsel's argument to the contrary and his request to "not go through with removing . . . [Mary] as conservator of the child at [that] time," the trial court sustained Mother's and the Department's objections and determined it would proceed with the Department's petition.

To the extent that Mary's brief can be understood to mean that counsel should have prosecuted her private suit to terminate parental rights earlier, "[t]he doctrine of ineffective assistance of counsel does not apply in civil cases where there is no constitutional or statutory right to counsel." *In re A.B.B.*, 482 S.W.3d 135, 140 (Tex. App.—El Paso 2015, pet. dism'd, w.o.j.) (citing *In re C.J.*, No. 04-14-00663-CV, 2015 WL 1089660, at *2 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.) (citing *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.))). Counsel's brief appears to rely on Section 107.013 of the Texas Family Code for the proposition that it establishes a statutory right. That section deals with the appointment of counsel for a parent "[i]n a suit filed by a governmental entity." TEX.

5

FAM. CODE ANN. § 107.013(a).  Because Mary's private suit was not one filed by a governmental entity, Section 107.013 does not apply.

Last, we find that Mary's appellate argument has no bearing on the merits of the Department's petition that resulted in Mary's termination as the child's conservator.  As a result, we conclude that Mary has not shown that she should be afforded any relief from the trial court's decision to remove her as conservator.

## III.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:      November 23, 2022
Date Decided:        November 29, 2022